United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 05-41277

———————————————

MARCUS P. BROWN,

                                        Plaintiff-Appellee,

                        v.

FRED LIPPARD,

                                        Defendant-Appellant.

———————————————————————————————

Appeal from the United States District Court for the
Southern District of Texas

———————————————————————————————

Before SMITH, BENAVIDES, and PRADO, Circuit Judges.

BENAVIDES, Circuit Judge:

Marcus Brown ("Brown") alleges that while he was incarcerated, Correctional Officer Fred Lippard ("Lippard") used excessive physical force against him. He brings this 42 U.S.C. § 1983 claim for compensatory and punitive damages, arguing that Lippard violated his Eighth Amendment right to be free from cruel and unusual punishment. Brown previously prevailed on this claim and was awarded damages in a jury trial, but the district court set aside that judgment because Brown had not exhausted his

administrative remedies. Having exhausted his administrative remedies, Brown renewed this claim.

Lippard moved for summary judgment, arguing that he was entitled to qualified immunity, but the motion was denied. He now appeals, arguing that Brown never showed anything more than a *de minimis* injury, and thereby cannot overcome his qualified immunity protection. We disagree and AFFIRM the district court's denial of summary judgment.

## I. FACTS

Brown alleges that on September 12, 1998, Lippard came to his cell under the pretense of escorting him to recreation. As Brown exited his cell, Lippard grabbed his arm and told him "You don't lead me, I lead you." A brief exchange ensued in which Lippard indicated Brown's recreation privileges were denied. Brown, believing Lippard was set on harassing him, asked to speak with a superior officer and sat down to wait for one to arrive.

As Brown sat knelt on one knee, Lippard allegedly struck him several times in his back, head and shoulders. Lippard also tried to ratchet his arms—at that point handcuffed behind him—up and over his head. Lippard issued Brown citations for creating a disturbance and refusing an order. Both citations were eventually dismissed.

After the attack, Brown went immediately to a physician and complained of knee, hand and shoulder pain. The nurse noted one-

centimeter abrasions on both his left knee and left shoulder, pain in his right knee, and tenderness around his left thumb. Brown also alleges that the attack exacerbated his prior back problems and contributed to chronic tendinitis. Lippard introduced evidence from Dr. Glenda Adams concluding that Brown's injuries were minor since there were "no fractures, sprains, lacerations, or bleeding."

## II. DISCUSSION

On summary judgment and appeal, Lippard argues that Brown's injuries are not severe enough to support an excessive force claim. This Court has never directly held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim,[1] as Lippard assumes. Nonetheless, Brown's injuries satisfy any such standard.

In evaluating excessive force claims, courts may look to the seriousness of the injury to determine "whether the use of force could plausibly have been thought necessary, or instead evinced

---

[1] The Supreme Court in *Hudson* was concerned with a *de minimis* use of force showing, not a *de minimis* injury. Nonetheless, this Circuit has on occasion referred to *de minimis* injuries, although only with the caveat that when the force is "repugnant to the conscience of mankind" the gravity of the injury *may be* irrelevant. *See Gomez v. Chandler*, 163 F.3d 921, 924 n.4 (1999) ("It may also be arguable that *Siglar* leaves open the possibility that a physical injury which is only *de minimis* may nevertheless suffice for purposes of the Eighth Amendment . . . if the force used is of the kind "repugnant to the conscience of manking."); *see also Siglar v. Hightower*, 112 F.3d 191, 193 (1997). While beating a man on the ground who is handcuffed very well might satisfy a "repugnant to the conscience test," we voice no opinion on the ambiguities left after *Gomez* and *Siglar*, since there was more than a *de minimis* injury here.

such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley v. Albers*, 475 U.S. 312, 321 (1986). This Circuit has found an injury insufficient to support an excessive force claim where there is *no* physical injury, *see, e.g.*, *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999), or where it is extremely minor. *See Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (bruise caused by having ear twisted considered *de minimis*). The attack and injuries described by Brown cannot be likened to a twisted ear.

A more analogous case is *Gomez v. Chandler*. 163 F.3d 921 (5th Cir. 1999). After being knocked down and punched repeatedly, the prisoner suffered "cuts, scrapes, contusions to the face, head, and body." *Id.* at 922. Not only are the injuries sustained here more akin to those in *Gomez*, but the alleged attack was similarly not "applied in a good-faith effort to maintain or restore discipline, [rather] maliciously and sadistically to cause harm." *Id.* at 923.

Lippard repeatedly attempts to minimize Brown's injuries as requiring "no more than swabbing with Betadine." But the Supreme Court has "put to rest a seriously misguided view that pain inflicted by an excessive use of force is actionable under the Eighth Amendment only when coupled with 'significant injury,' *e.g.*, injury that requires medical attention or leaves permanent marks." *Id.* at 13 (Blackmun, J., concurring). While this particular injury did require medical attention, Lippard apparently prefers a pre-

4

*Hudson* standard requiring the complainant to receive *serious* medical attention.  There is no basis for that position.

Lippard raises two further points that merit attention. First, he claims that this case is distinguishable from *Gomez* since his summary judgment motion was supported by a non-treating physician's affidavit concluding that the injuries were *de minimis* and not the result of excessive force.  The physician made this conclusion after reviewing the same medical records before us. While that affidavit is certainly some evidence that Brown's injuries are not as severe as he claims, it does not support the *legal* conclusion that the undisputed injuries were *de minimis*.

Second, Lippard asserts that there was no evidence properly before the district court that his actions were in bad faith, and therefore that Brown did not overcome the immunity shield.  The evidence that Lippard was acting in bad faith came from both a fellow officer and an inmate who described Brown's behavior as cooperative and unthreatening.  But Lippard complains that such evidence was not in the record on summary judgment, but from the prior action dismissed for failure to exhaust remedies, and the judge mistakenly took judicial notice of it.

Lippard's argument is off point.  The district judge did not have to credit the testimony of the officer and inmate "for the truth asserted."  *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).  The judge only had to notice that such testimony

5

existed, because the testimony's very existence raises an issue of fact sufficient to overcome summary judgment. Especially here, where Lippard does not so much as allege that his actions were in response to Brown's misbehavior. Because the testimony's existence was "not subject to reasonable dispute" and "capable of accurate and ready determination," FED. R. EVID. 201(b), it was not improper to take judicial notice of it.

### III. CONCLUSION

The district court's denial of Lippard's motion for summary judgment is AFFIRMED, and we REMAND the case for further proceedings.