United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40131
Summary Calendar

HAROLD V. DAVIS,

Plaintiff-Appellant,

versus

DOCTOR KEN KUYKENDALL; CURTIS LAWSON; DAVID DIXON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-500
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Harold V. Davis, Texas prisoner # 1068730, alleged under 42 U.S.C. § 1983 a denial of adequate medical treatment and the use of excessive force. He appeals the dismissal as frivolous of the medical claim and the summary judgment on the excessive force claims. Davis appeals the denial of his motions for appointment of counsel. Davis's motion for reconsideration of the Clerk's notification that no action would be taken on an emergency motion for injunctive relief is denied.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davis argues that Kuykendall violated his Eighth Amendment rights because Kuykendall did not provide Davis a wheelchair, although Davis alleged that he could not walk, and did not order wheelchair transportation, which Davis alleged was necessary for him to be examined by a specialist. We review for abuse of discretion the dismissal of a claim as frivolous under 28 U.S.C. § 1915(e). Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). A claim is frivolous if it lacks an arguable basis in law or fact. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999).

To establish an Eighth Amendment claim for the denial of adequate medical treatment, a prisoner must show that prison officials acted with deliberate indifference to the prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). Unsuccessful medical treatment, acts of negligence, neglect, or medical malpractice are insufficient to give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). A delay in medical care constitutes an Eighth Amendment violation only if there has been "deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Kuykendall examined Davis, determining that a wheelchair was not medically necessary, Davis's muscle tone was good, and that Davis did not have muscle atrophy in his legs. After Kuykendall examined Davis's medical records, he referred Davis to a

specialist, provided Davis a wheelchair pass, and ordered the transportation necessary to enable Davis to see a specialist. Although Davis did not agree with Kuykendall's evaluation of his condition or the timeliness with which his concerns were addressed, Davis's allegations do not establish deliberate indifference. See Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. The dismissal of Davis's claim against Kuykendall was not an abuse of discretion. Ruiz, 160 F.3d at 275.

Davis's excessive force claim against Sergeant David Dixon involves an incident that occurred in December 2002. Davis asserted that he was being escorted from his cell by guards, including Dixon, with his hands cuffed behind his back. In response to Davis refusing to continue walking, a guard jerked Davis's arm and when Davis jerked back, Dixon and another guard brought Davis to his back on the floor. While holding Davis's head, the three guards hit Davis. When they ceased, the officers dropped Davis's head to the floor and Dixon kicked Davis in the ear. A medical examination showed that Davis had contusions on his left check and the bridge of his nose, pin-sized lacerations to his right cheek and the right side of his neck, and that his right ear was bruised, purple, and swollen.

The second alleged excessive force incident occurred in April 2003. Davis had tied his cell door shut so that no one could enter his cell due to his alleged inability to walk. When Lawson managed to open the cell door, Davis, who was sitting on

the floor, squirted Lawson in the face and chest with an unknown substance. According to Davis, Lawson closed the cell door after being squirted, then opened the door and kicked Davis, sending Davis across his cell. Davis asserts that Lawson stomped on Davis's upper back, neck, and head until Davis's head began to bleed. An examination of Davis showed that he suffered bruising and lacerations to his forehead that required the application of steristrip bandages and that he suffered bruising to his lower back and the area between his shoulder blades.

The district court granted summary judgment in favor of Dixon and Lawson, holding that the injuries Davis sustained were de minimis and that Dixon and Lawson had used de minimis force. We review de novo the district court's grant of summary judgment. Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999). Summary judgment is appropriate if the evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view the evidence in the light most favorable to the nonmoving party. Jenkins v. Cleco Power LLC, __ F.3d __, No. 05-30744, 2007 WL 1454363 at *3 (5th Cir. May 18, 2007).

In determining whether a claim of excessive force amounts to an Eighth Amendment violation we examine the extent of the injury; the need for the applied force; the relationship between the need and the force used; the threat reasonably perceived by officials; and efforts made to temper the severity of a forceful

response.  Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999).
The physical injury suffered must be more than de minimis but
need not be significant.  Id. at 924.  The core inquiry is
"whether force was applied in a good-faith effort to maintain or
restore discipline, or maliciously and sadistically to cause
harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

The evidence, construed in the light most favorable to
Davis, reveals material issues of fact concerning whether the
injuries suffered as a result of each incident were de minimis.
See Brown v. Lippard, 472 F.3d 384, 387 (5th Cir. 2006); Gomez,
163 F.3d at 924-25.  Additionally, material issues of fact exist
regarding whether Dixon kicked Davis in the ear or otherwise
injured him and, if so, whether this was done maliciously or in a
good faith effort to restore discipline.  Material issues of fact
also exist regarding whether Lawson, who admitted kicking Davis
in the face, did so in immediate response to being sprayed with
the unknown substance and whether the amount of force used was
reasonable in light of the threat he perceived, or whether,
Lawson exited the cell, then returned, and struck Davis.  Given
the existence of material issues of fact, we vacate the district
court's summary judgment in favor of Dixon and Lawson.

Davis challenges the district court's determination that the
claims of imminent danger raised in a post judgment motion were
unrelated to this action.  The district court did not abuse its
discretion in denying the motion for relief from judgment.  See

Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 997 (5th Cir. 2001). We do not address Davis's arguments regarding the failure to protect him from harm and incidents that occurred on December 19, 2002, and January 16, 2007. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). The district court did not abuse its discretion in denying Davis's motions for appointment of counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

    JUDGMENT AFFIRMED IN PART; SUMMARY JUDGMENT ON EXCESSIVE
    FORCE CLAIMS VACATED AND CASE REMANDED FOR FURTHER
    PROCEEDINGS; MOTION FOR RECONSIDERATION DENIED.