# United States Court of Appeals for the Fifth Circuit

---

No. 23-10010

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2023

Lyle W. Cayce
Clerk

Tujuan Estaisyo Session,

*Plaintiff—Appellant*,

*versus*

FNU Giannotti, *Texas Department of Criminal Justice Robertson Unit Employee*; FNU Haines, *Texas Department of Criminal Justice Robertson Unit Pill Nurse*; FNU Cano, *Texas Department of Criminal Justice Unit Assistant Warden*; J. Lopez, *Texas Department of Criminal Justice Robertson Unit Assistant Warden*; FNU Reyes, *Texas Department of Criminal Justice Robertson Unit Grievance Staff*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CV-116

---

Before Higginbotham, Stewart, and Willett, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10010

Tujuan Estaisyo Session, Texas prisoner # 1714978, moves to proceed in forma pauperis (IFP) on appeal following the magistrate judge's dismissal[1] of his 42 U.S.C. § 1983 claims as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). He also now moves this court to order the production certain documents that he asserts support his § 1983 claims and to amend the caption to add certain individuals as defendants-appellees.

In his § 1983 complaint, Session alleged that defendants used excessive force against him and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He also alleged that defendants violated his due process rights by failing to properly investigate his grievances. His claims stemmed from an incident during which one of the defendants spat on him and joked afterwards that he gave Session coronavirus. Session alleged that he later suffered injuries—a bad cold and pink eye—from the incident.

By moving to proceed IFP, Session is challenging the magistrate judge's certification decision that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In the order dismissing Session's complaint, upon which the certification decision was based, the magistrate judge assumed that even if it

---

[1] The magistrate judge's order is a final, appealable order over which we have jurisdiction, as Session unambiguously consented to the authorization of the magistrate judge to conduct proceedings and enter final judgments in accordance with 28 U.S.C. § 636(c)(1).

No. 23-10010

was plausible that Session sustained physical injuries as a result of the incident, Session could not show a nonfrivolous issue regarding whether his injuries, a three-day-long cold and a case of pink eye, were more than de minimis when considered in the context of the amount of force allegedly used, and that the officer's use of threatening language did not amount to a constitutional violation. Although we have never "directly held that injuries must reach beyond some arbitrary threshold to satisfy an excessive force claim," *Brown v. Lippard*, 472 F.3d 384, 386 (5th Cir. 2006), our precedent indicates that the claimant "must have suffered from the excessive force more than a de minimis physical injury," *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). And "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). The magistrate judge also concluded that Session failed to allege facts showing that he had an objectively serious medical need that was disregarded by any prison official or that he suffered substantial harm because of any delay in medical treatment. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *Sims v. Griffin*, 35 F.4th 945, 949 (5th Cir. 2022) ("[A] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." (internal quotation marks and citation omitted)).

Session has not shown that he will raise legal points arguable on their merits (and therefore not frivolous) on appeal with respect to these claims. Additionally, because "any alleged due process violation arising from the alleged failure to investigate [an inmate's] grievances is indisputably meritless," *Geiger v. Jowers*, 404 F.3d 371 374 (5th Cir. 2005), he cannot show that he will raise legal points arguable on their merits with respect to that issue.

Accordingly, because Session has not shown that his appeal will involve a nonfrivolous issue, his motion to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2. His motions for production of documents and to amend the caption are also DENIED.

The district court's dismissal of the suit under § 1915A(b)(1) and our dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-25 (2020); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Session is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).