MANDAMUS No. 07-15-00429-CV

Trial Court No. 2012-500,295

FILED
NOV 25 2015
SEVENTH COURT OF APPEALS
VIVIAN LONG, CLERK



## COURT OF APPEALS

## SEVENTH DISTRICT of TEXAS

REIDIE JAMES JACKSON, #1164177, prose,
Relator,

V.

Honorable Ruben H. Reyes, 72nd Judicial
District, Lubbock County, Texas

REAL PARTY IN INTEREST:
Peter Honesto, James Hall, David Guzman

PETITION FOR MANDAMUS AGAINST ORDER FROM 72nd JUDICIAL
DISTRICT of LUBBOCK COUNTY, TEXAS - Honorable Ruben H. Reyes -
CAUSE No. 2012-500,295 Reidie Jackson v. Captain Vaughn, etal.

## PETITION FOR WRIT of MANDAMUS

REIDIE J. JACKSON
#1164177
Clements Unit
9601 Spur 591
Amarillo, Tx 79107

## IDENTITIES OF PARTIES

Reidie James Jackson . . . . . Reidie James Jackson #1164177
Pro Se - Relator                Clements - 9601 Spur 591 - Amarillo TX


Honorable Ruben H. Reyes . . . . . Hon. Ruben H. Reyes - 72nd Judicial
Respondent                         District - Lubbock County, TX.
                                   P.O. Box 10536 - Lubbock,
                                   TX. 79408


Kimberly L. Koffman . . . . . . Peter Honesto, David Guzman,
Attorney for Real Parties        James Nall - Capitol Station
in Interest                      P.O. Box 12548, Austin TX. 78711

# TABLE OF CONTENTS

                                                              PAGE

Identities of Parties          _         _      .       i

Table of Contents      .        .          .      .     ii

Index of Authorities     .        .          .      .    iii

Brief History        .         .           .     .   P. 1

Statement of Jurisdiction      .        .         .    P.3

Statement of the Case    .        .          .      .    P. 3

Issues Presented         .          .          .      .    .    P.4

Statement of Facts #1 .        .        .        .    .    P.4

Argument #1          .       .           .        .      .    P.5

Statement of Facts #2      .          .          .      .    .    P.7

Argument #2          .        .          .         .      .    .    P.8

Conclusion & Prayer      .         .           .      .    P.9

Certificate of Service       .    .           .      .    P.9

Appendix              .         .          .     .    XX

# INDEX OF AUTHORITIES

PAGE

Reidie Jackson v. Captain Vaughn, 07-13-00022-CV, 2014 WL6999333 ... P. 2,4,5
(Tex App - Amarillo Dec 11, 2014 no pet h)

Texas Civil Practice & Remedies Code §11.055 ..... P.2

Rules of Appellate Procedure, Rule 52 .... P.3

In re Islamorada Fish Co. Texas, L.L.C. 319 Sw2d 908 ... P.3
(Tex App - Dallas 2010)

Texas Civil Practice & Remedies Code §14.003 ..... P.4,6

Lagaite v. Uy 347 Sw3d 890, 893 (Tex App-Amarillo 2011 no pet.) ... P.5,6

USX Corp v. West 781 Sw2d453 ..... P.5

Texas Farmers Ins. Co v. Stem, 927 Sw2d 76 ..... P.5

Guajardo v. Conwell, 46 Sw3d 862 (Tex 2001) ... P.7

Howell v. Texas Workers Comp. Comm, 143 Sw3d 416, 444 .... P.8
(Tex App - Austin 2004 pet den.)

CAUSE No. _____

In re REIDIE JAMES JACKSON, Pro se, §
#TDCJ #1164177, Relator, §
§
v. §
§
HONORABLE RUBEN H. REYES, §
72nd JUDICIAL DISTRICT, LUBBOCK §
COUNTY, TEXAS, Respondent, §
§
§
REAL PARTIES IN INTEREST: §
Peter Honesto, James Nall, §
David Guzman §

IN THE COURT OF APPEALS

SEVENTH DISTRICT of TEXAS

## PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE COURT of APPEALS:

COME NOW, Reidie James Jackson, Relator to Petition this Court for Writ of Mandamus. He would offer the following in support thereof, to wit:

### I.
### BRIEF HISTORY

Reidie James Jackson is the plaintiff in Reidie James Jackson v. Captain Vaughn et al., cause 2012-500,295, in the 72nd Judicial District where the Honorable Ruben H. Reyes presides. Reidie James Jackson is the Relator in this application for writ of mandamus. The defendants Peter Honesto, James Nall, and David Guzman are defendants in the above-mentioned-suit and are real parties in interest as it was their motion on which Judge Reyes ruled on that caused Relator to apply for mandamus relief. Honorable Judge Reyes is Respondent.

On January 6, 2012 the District Clerk filed Plaintiff's suit against Captain Robert Vaughn, Lieutenant Nick Emsoff, eight John Does and one Jane Doe. Three (3) of those John Does were found to be David Guzman, James Nall, and Peter Honesto. The Jane Doe was found to be Cindy Mayne. Defendants Vaughn and Emsoff answered and subsequently filed a Chapter 14 Motion to Dismiss, twice. The second of which was granted in January of 2013. No other Defendants answered before the trial Court dismissed the suit. See Jackson v. Vaughn 07-13-00022-CV, 2014 WL 6999333 (Tex App.—Amarillo Dec. 11, 2014, no. pet. h.).

This Court of Appeals held that Relators suit sufficiently alleged a Section 1983 excessive force claim and bystander claim in Jackson v. Vaughn, supra, at *6.

Defendants Honesto and Nall filed their original answer on April 24, 2015, and David Guzman filed his original answer on April 27, 2015, although they were served on or about November 8, 2012. On May 8, 2015 Honesto, Guzman, and Nall (Movants) filed a 'Motion to Declare Plaintiff a Vexatious Litigant & Request for Security'. (See Appendix, Exhibit A.) A hearing on the motion was held on July 10, 2015. The Court granted the Movants motion and issued and order on August 3, 2015 finding Relator vexatious and ordering Relator to provide $500.00 in security by September 3, 2015 to proceed with his claims against Movants, although, Relator was already proceeding in forma pauperis pursuant Chapter 14 of Texas Civil Practice & Remedies Code. Claims against Movants were dismissed Pursuant Tex Civ. Prac. & Rem. Code § 11.055 on September 14, 2015.

Relator filed 'Motion to Reconsider' and 'Motion to Reinstate/ New Trial', neither of which trial court ruled on. After some time Court sent Relator's 'Motion to Reinstate/ New Trial back with no cover letter to explain the unfiling of the document.

Remaining Defendants in cause 2012-500-295 have been set for 04-11-2016.

## II.

## MANDAMUS
### STATEMENT OF JURISDICTION

This is an Original Proceeding established by Rules of Appellate Procedure - Rule 52. No other remedy is adequate - available. In re Islamorada Fish Co. Texas, L.L.C. 319 SW2d 908 (Tex App-Dallas 2010).

## III.
### STATEMENT of the Case

(1) The underlying proceeding is a 42 USC §1983 excessive force and bystander liability claim in which Movants filed Motion to Declare Plaintiff Vexatious Litigant & Request for Security. The judgment by Trial Court, finding Relator to **not** have a reasonable probability to prevail and ordering Relator to pay security to $500.00 - Trial Court being in the 72nd Judicial District of Lubbock County, Texas.

(2) Relator contends that the finding and subsequent Order and dismissal were erroneous.

3

(3) There are multiple defendants in cause no. 2012-500.295 so Relator is unable to Appeal until the final disposition of the suit. Trial is set for April. IF, for example, trial was had for the remaining defendants and if following trial Court of Appeals decides the trial court finding was erroneous it would be impractical to have a second trial.

(4.)

## IV.
## ISSUE PRESENTED

1.) Did Trial Court abuse its discretion when it found Relator to be vexatious : no reasonable probability to prevail? Relator asserts trial court failed to analyze law properly or apply it to facts of the case.

2.) Did Trial Court abuse its discretion by ordering Relator to pay $500.00 Knowing he was proceeding in forma pauperis pursuant Chapter 14 Civil Practice & Remedies Code?

## V.
## STATEMENT OF FACTS #1

Relator is the Plaintiff in Reidie James Jackson v. Captain Vaughn et al., Cause No. #2012-500.295. In January of 2013 Judge Reyes granted Defendants Chapter 14 Motion to Dismiss. Court of Appeals reversed and remanded the case in Jackson v. Vaughn 07-13-00022-CV. 2014 WL 6999333 (Tex. App.—Amrillo Dec. 11, 2014, no pet h.). This Court

4

of Appeals held that Relators complaint sufficiently alleged a section 1983 excessive force claim and bystander liability claim. see Jackson, 2014 WL 6999333 at 5. In their Motion to Declare Plaintiff a Vexatious Litigant and Request for Security at page 3 (E) 'No Reasonable Probability of Success on the Merits' the Movants cited Lagaite v. Uy 347 SW3d 890, 893 (Tex. App.—Amarillo 2011, no pet.). "Undertaking [this] inquiry implicitly requires the trial court to preliminarily accept the factual assertions as true and assess whether they comprise a viable cause of action." Movants went on to concede that this Court of Appeals 'already held Relators claims sufficiently alleged excessive force and a bystander claim, but that Relators "claims are not likely to succeed on the merits". Movants went on to assert the same arguments they had previously made in the Chapter 14 Motions to Dismiss minus the 'mailbox rule' argument.

There are multiple defendants in Cause #2012-500,295 so by dismissing claims against Movants no appeal is available until final disposition of suit.

## VI.
## ARGUMENT #1

Clear abuse of discretion exists when court decision is contrary to one compelled by facts and circumstances, thereby actually extinguishing any discretion in matter, or is arbitrary, is unreasonable, or is reached without reference to any guiding rules or principles. USX Corp v. West, 781 SW2d 453. A trial court's failure to analyze law properly or to apply it properly to facts will constitute abuse of discretion warranting mandamus relief. Texas Farmers Ins. Co. v Stem, 927 SW2d 76 In a mandamus proceeding. Court must determine whether: (1) relator had adequate remedy by appeal, and (2) trial court abused its discretion in entering order under complaint. Texas Farmers Ins. Co., supra.

Relator argues here that Chapter 11 is an established statute designed to prevent frivolous claims from being a burden to defendants, much the same a Chapter 14 of Civ. Practice & Rem Code. In fact the Chapter 11 and Chapter 14 C.P& Rem.C. have approximately the same provisions, though the wording was mildly different, to wit: "In determining whether a claim is frivolous or malicious the court may consider whether (1) the claim realistic chance of success is slight and (2) The case has no arguable basis in law or in fact, (3) It is clear that party cannot prove facts in support of claim, or (4) the claim is substantially similar to previous claim ..." Tex Civil Practice & Rem Code § 14.003 (B) (1)-(4). As previously stated, wording is mildly different, but the goal is the same to stop claims where "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." Tex Civ Prac. & Rem Code § 11.054.

Here Movants acknowledged Relator had stated "viable" claim yet went on to request trial court to disregard finding, to wit: "However, Plaintiff's claims are not likely to succeed on the merits." see Appendix Exhibit A page 4. "Not likely to succeed" and "not a reasonable probability plaintiff will prevail" are two separate standards. One says one may or may not, the other says there is no way one will succeed.

Relator would contend that by this Court of Appeals holding his pleadings "sufficiently allege a section 1983 excessive force claim and bystander claim," Jackson, 2014 WL 6999333 at *5; and the Movants conceding they knew Relator "sufficiently alleged" viable claim and that the standard that Movants cited in Lagaite v. Uly, supra, directs a determination as to whether or not a "viable cause of action" has been comprised by the "Preliminary" "Factual assertions", that trial court did fail to do its duty to analyze law properly or it misapplied the law to the facts.

6

Furthermore, there are multiple defendants in <u>Jackson v. Vaughn</u>, supra, and the Order finding Relator vexatious and ordering security nor the Order dismissing Relators claims against the the Movants included the "Mother Hubbard" clause to include all claims or defendants or otherwise disposing of all parties and claims, therefore no appeal to said Orders may be made until such a disposition occurs. <u>Guajardo v. Conwell</u>, 46 SW3d 862 (Tex 2001). Trial for the suit is set for April 11, 2016 and would be impractical and cause prejudice as a dismissal of these defendant may plausibly be refered to during trial or as some leverage during a settlement negotiation.

For the reasons stated and because the finding made that Relators claims cannot reasonably prevail contravenes with Court of Appeals holding that pleadings alleged claim upon which relief could be granted, Relator Petitions this Court of Appeals to issue Mandamus relief by reversing or vacating both orders made against Relator by trial court.


## V.
## STATEMENT OF FACTS #2

Relator is indigent. Trial court has allowed Relator to proceed in forma pauperis pursuant Chap 14 Civ Prac & Rem Code as Relator has filed affidavit of inability to pay. Chapter 14 governs all inmate litigation where affidavit of inability to pay has been filed. The Chapter 14 statute permits inmates proceeding in forma pauperis to proceed on claims. Subsequent to hearing on vexatiousness trial court did order Relator to pay $500.00 security. Relator is a citizen of the State of Texas and claims his rights to the OPEN COURTS PROVISION of Texas Constitution.

7

# VI.
## ARGUMENT #2

Open Courts provision of state constitution includes at least three separate guarantees: (1) Courts must actually be operating and available; (2) The Legislature cannot impede access to the courts through unreasonable financial barriers; (3) meaningful remedies must be afforded, so that the Legislature may not abrogate the right to assert a well established common-law cause of action unless the reason for its action outweighs the litigants constitutional right to redress. Tex Const Art 1, §13. And, "all courts shall be open, and every person for an injury done him, in his lands, goods, person or Reputation, shall have remedy by due course of law." Howell v. Texas Workers Comp. Comm, 143 SW3d 416 444 (Tex. App.-Austin 2004 pet den.). This provision applies if the claimant: (1) has a cognizable common-law cause of action being restricted by a statute, and (2) the restriction is unreasonable or arbitrary when balanced against the purpose and basis of statute.

The purpose of Chapter 11 is to prevent frivolous suits becoming burden for defendants. Relators suit is cognizable, suit is being restricted in its prosecution by Chapter 11's security requirement imposed by trial court. Relator is permitted to proceed in forma pauperis pursuant Chapter 14 Civ. Prac & Rem Code – so by using this Chapter 11 financial barrier against a cognizable claim violates (2) and (3) of the provisions guarantees.

Imposition of the $500 security makes any access Relator has meaningless as Relator is in prison and unable to work although he would if allowed to do so.

8

## CONCLUSION & PRAYER

Conclusively, the trial court failed to analyze the law properly and there's no adequate appeal available. Movants showed no evidence that would legally prevent Relator from obtaining relief as he stated viable claim. Any requirement for an indigent inmate to provide security after another statute authorizes him to prosecute his suit is a violation of his Open Courts rights as it is a bias against poor people.

Relator prays this Honorable Court GRANT his request for mandamus by reversing the finding/ORDER that Relator's suit had no reasonable probability to prevail and the subsequent ORDER dismissing his claims against Movants Honesto, Nall, and Guzman.

Respectfully submitted,

/s/ Reidie James Jackson - Reidie

James Jackson #1164177 - Clements - 9601 Spur 591 - Amarillo TX 79107-9606

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Relators Petition for Writ of Mandamus has been sent to Judge Reyes at P.O. Box 10536, Lubbock TX 79408 by placing said in US mailbox 1st class mail on October 28 2015. The Part of the Appendix unavailable was defendants Motion to Declare Plaintiff Vexatious Litigant; this is already filed in 72nd Judicial District.

/s/ Reidie James Jackson

9

# RELATOR'S APPENDIX

Affidavit of Authentication

Defendants Motion to Declare Plaintiff' Vexatious Litigant & Request for Security w/ EXHIBITS A-F

Trial Courts August 3, 2015 ORDER declaring plaintiff' vexatious Motion for Reconsideration & Objections

Trial Court Dismissing Defendants Honesto, Nall, Guzman for failure to pay security

Plaintiffs Motion to Reinstate/ Motion for New Trial

Affidavit    §    IN THE STATE OF TEXAS

               §    IN THE COUNTY OF DOTTER

               §

## Affidavit of Authentication

I am Reidie James Jackson #1164177 and am over (18) years of age. I am of sound and body, and fully capable of making the statements herein as they are made from my personal knowledge, to wit :

### STATEMENTS I.

I am the plaintiff in Reidie James Jackson v. Captain Vaughn et al. 2012-500,295 in 72nd Judicial District, Lubbock County Texas where the Honorable Ruben H. Reyes presides. The documents in my Appendix are an ORDER finding I was vexatious and instructed me to Pay $500 . Also, is the ORDER dismissing my claims against defendants Honesto, Nall, and Guzman. My response to these ORDERS Motion to Reconsider and Motion to Reinstate. The Defendants whom initiated the vexatious Proceedings filed a Motion to Declare Plaintiff a Vexatious Litigant & Request for Security, which is part of the trial courts record. The items are authentic and are placed herein for reference and clarification.

### DECLARATION II.

I am Reidie James Jackson and am incarcerated on Clements Unit of TDCJ in Potter County, Texas. I declare under penalty of perjury that the forgoing statements are true and correct.

/s/ Reidie James Jackson
Affiant

CAUSE NO. 2012500,295

| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
| Defendants | § | |

### Defendants Honesto, Nall, and Guzman's Motion to Declare
### Plaintiff a Vexatious Litigant & Request for Security

Defendants Honesto, Nall, and Guzman file this Motion to declare Plaintiff Reidie Jackson

a vexatious litigant and request that the Court stay the proceedings and order Plaintiff to provide

security pursuant to Section 11.051 of the Texas Civil Practice and Remedies Code.

### Statement of the Case

Plaintiff is Reidie Jackson. On January 6, 2012, Plaintiff filed suit against Defendants

Robert Vaughn and Nicky Emsoff for assault, battery, conspiracy, excessive force, bystander

liability, and violations of the Texas Constitution and U.S. Constitution. On December 11, 2014,

the Amarillo Court of Appeals reversed the trial court judgment dismissing Plaintiff's suit pursuant

to Chapter 14 of the Texas Civil Practice & Remedies Code, and remanded the case. *See Jackson

v. Vaughn*, 07-13-00022-CV, 2014 WL 6999333, at *6 (Tex. App.—Amarillo Dec. 11, 2014, no.

pet. h.). The Court of Appeals held that Plaintiff's pleadings sufficiently alleged a Section 1983

excessive force claim and a bystander claim. *Id.* On April 24, 2015, Defendants Peter Honesto and

James Nall filed their original answer, and on April 27, 2015, Defendants Honesto and Nall, along

with David Guzman, who was answering for the first time, filed an amended answer.[1]

---

[1] The counsel for defendants was not made aware until February 4, 2015 that Defendants Honesto, Nall, and Guzman had potentially been served back in November 2012.

1



## Arguments and Authorities

### A. Vexatious Litigant Statutes

Chapter 11 of the Civil Practice and Remedies Code contains provisions addressing vexatious litigants—persons who abuse the legal system by filing numerous, frivolous lawsuits. *See* Tex. Civ. Prac. & Rem. Code §§ 11.001-11.104. This chapter provides that on or before the ninetieth day after the defendant files an original answer or makes a special appearance, the defendant may move for an order declaring that the plaintiff a vexatious litigant and requiring the plaintiff to furnish security in order to proceed with his case. Tex. Civ. Prac. & Rem. Code § 11.051. Additionally, the court may declare this litigant vexatious on its own motion after notice and hearing. Tex. Civ. Prac. & Rem. Code § 11.202(a); *In re Douglas*, 333 S.W.3d 273, 287 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

On the filing of a motion under § 11.051, the litigation is stayed until after the motion's disposition. Tex. Civ. Prac. & Rem. Code § 11.052. If, after hearing the evidence on the motion, the Court grants the motion, it "*shall* order the plaintiff to furnish security for the benefit of the moving defendant" to be paid by a date determined by the Court. Tex. Civ. Prac. & Rem. Code § 11.055 (emphasis added). If the plaintiff fails to pay the security within the court's deadline, the court "*shall* dismiss [the] litigation." Tex. Civ. Prac. & Rem. Code § 11.056 (emphasis added). If the plaintiff's suit is subsequently dismissed on the merits, Section 11.057 states that the "moving defendant has recourse to the security . . . in an amount determined by the Court."

### B. Criteria for Finding a Litigant Vexatious

Under Section 11.054, a court may find a plaintiff vexatious if the defendant shows that there is not a "reasonable probability" that the plaintiff will prevail in the present suit. Second, the defendant must meet one of three additional requirements. This prong of the vexatious litigant

2

analysis is satisfied by Plaintiff's pro se litigation history. Over the past seven years, Plaintiff has "commenced, prosecuted, or maintained at least five litigations as a pro se litigant . . . that have been: (A) finally determined adversely to the Plaintiff; (B) permitted to remain pending for at least two years without [proceeding] to trial or hearing; or (C) determined . . . to be frivolous or groundless." *See* Tex. Civ. Prac. & Rem. Code § 11.054(1).

### C. Effect of Declaring Plaintiff to be Vexatious

Because Offender Reidie James Jackson fits the statutory definition of a vexatious litigant, this court should require him "to furnish security for the benefit of the moving defendant" and "dismiss [this suit if he] does not furnish the security within the time set by the order." Tex. Civ. Prac. & Rem. Code § 11.055-56. If his suit is subsequently dismissed on the merits, Section 11.057 requires that Defendants "have recourse to the security . . . in an amount determined by the Court."

### D. Notice of Stay of Proceedings

Upon the filing of this motion, the present "litigation is stayed and the moving defendant is not required to plead" until 10 days after the motion is denied or 10 days after the Plaintiff has furnished security in accordance with the Court's order. Tex. Civ. Prac. & Rem. Code § 11.052.

### E. No Reasonable Probability of Success on the Merits.

Before finding a plaintiff a vexatious litigant, the defendant must show that "there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant." *See* Tex. Civ. Prac. & Rem. Code § 11.054. "Undertaking [this] inquiry implicitly requires the trial court to preliminarily accept the factual assertions as true and assess whether they comprise a viable cause of action." *Lagaite v. Uy*, 347 S.W.3d 890, 893 (Tex. App.—Amarillo 2011, no pet.). By its terms, Section 11.054 "does not require conclusive evidence" that the plaintiff is a vexatious litigant but "proof rising only to the level of a reasonable probability." *Gant v. Grand Prairie Ford,*

*[handwritten margin note: not a discussion of vexatiousness but reasonable probability]*

3

*L.P.*, 2-06-386-CV, 2007 WL 2067753, at *3 (Tex. App.—Fort Worth July 19, 2007, pet. denied).

The Amarillo Court of Appeals held that "[t]aking Jackson's plead facts as true . . . his pleadings

sufficiently allege a section 1983 excessive force claim and a bystander claim." *Jackson*, 2014 WL

6999333 at *5. However, Plaintiff's claims are not likely to succeed on the merits.

### 1. There is no reasonable probability that Plaintiff will prevail on his excessive use of force claim.

There is not a reasonable probability that Plaintiff will succeed on his use of force claim.

The constitutional standard for an excessive use of force is "whether force was applied in a good

faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of

causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotations omitted). The Court

in *Hudson* also noted that the Eighth Amendment's prohibition of cruel and unusual punishment

"necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided

that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 10 (internal

quotations omitted); *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Plaintiff's

claims of excessive use of force must fail if Defendants acted with even an arguable effort to

maintain or restore discipline. *See Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) ("Prison

administrators . . . should be accorded wide-ranging deference in the adoption and execution of

policies and practices that in their judgment are needed to preserve internal order and discipline

and to maintain institutional security.") (internal quotations omitted).

The Supreme Court in *Hudson* provides the five factors that a Plaintiff must prove to

support his excessive use of force claim. *Hudson*, 503 U.S. at 7. The *Hudson* factors include: **(1)**

the extent of the injury suffered; **(2)** the need for the application of force; **(3)** the relationship

between the need and the amount of force used; **(4)** the threat reasonably perceived by the

responsible officials; and **(5)** any efforts made to temper the severity of a forceful response. *Id.* at

4

7; *Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998); *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992). "The amount of force that is constitutionally permissible . . . must be judged by the context in which that force is deployed." *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996). It should be noted that not every push or shove, even if it may seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033 (1973)). Plaintiff cannot satisfy the five *Hudson* favors that he must prove in order to support his use of force claim.

First, Plaintiff has not shown an injury. In *Brown v. Lippard*, the Fifth Circuit considered the effect of the first *Hudson* factor, relating to the injuries suffered. 472 F.3d 384, 386-387 (5th Cir. 2006). The Fifth Circuit held in that case that injuries are insufficient to support an excessive force claim where there is *no* physical injury, or where the injury is extremely minor, such as a bruise caused by having one's ear twisted. *Id.* at 387. Additionally, civil rights plaintiffs must allege an actual injury caused by the defendants' actions. *Wilkins v. Gaddy*, 559 U.S. 34, 1178 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim."); *see also Memphis Community School District v. Stachura*, 477 U.S. 299, 308 (1986) (for a § 1983 claim to be viable the plaintiff must allege an injury). This is true in cases alleging excessive use of force. *See, e.g., Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (excessive force claim for spraying with a fire hose frivolous where prisoner suffered no injury); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (sore, bruised ear which required no medical care and healed in a few days would not support civil rights claim for excessive force). Ultimately, where the objective factors of an inmate's medical record show no evidence of any injuries consistent with the inmate's allegations, the court may conclude that the allegations are implausible. *See Wilburn v. Shane*, 193 F.3d 517, 1999 WL

5

706141 (5th Cir. 1999), citing *Wesson v. Oglesby*, 910 F.2d 278, 281-82 (5th Cir. 1990).

In *Williams*, an offender accused an officer of using excessive force in violation of his Eighth Amendment rights. Williams v. Thompson, No. 5:11-cv-68, 2012 U.S. Dist. LEXIS 25302, at *2-3 (E.D. Tex. Feb. 27, 2012). More specifically, the offender alleged that the officer hit him over the head with a flashlight so hard that he was knocked unconscious. *Id.* at *6. The medical records, however, did not show that the offender had a bruise, knot, or any injury associated with his allegation of excessive force. *Id.* The Court held, that since the objective medical records did not show that the offender suffered an injury, his claims were dismissed in line with the Supreme Court's holding in *Wilkins. Id.* at *7.

Plaintiff has not suffered an injury or provided proof of an injury outside of his conclusory self-serving statements. *See, e.g., Plaintiff's Second Amended Complaint* at 14 ("Every [*sic*] since the incident Plaintiff has been having progressively blurred vision, his real tooth along with his temporary dental plate suffered chips and breakage."), *Plaintiff's Third Amended Complaint* at 6 ("Plaintiff was permanently injured."). Moreover, a review of the relevant portions of the medical report contained in the Use of Force Report indicate that at the time of the event Plaintiff complained of back injury, yet upon examination no injuries were found. Exhibit A at 4-6. Additionally, the medical records for the relevant time period do not show that the Plaintiff submitted any sick call requests or saw a clinician for his alleged injuries. Exhibit B at 7. Given that Plaintiff did not suffer any injuries or has not presented credible evidence of his injuries, there is no reasonable probability that Plaintiff will prevail in his excessive use of force claim.

The next *Hudson* factor discussed is the need for the application of force. In his second amended complaint, Plaintiff states that he committed several defiant acts that caused force to be used: he refused the initial preparation and transport; he refused to relinquish the handcuffs and

6

follow commands of the officers; and he placed his mattress in front of the entrance of his cell door in order to obstruct the officers' path. *Plaintiff's Second Amended Complaint* at pages 10-12; *see also* Exhibit A at 2-4. These acts of defiance are what initiated the use of force and were necessary in order to regain compliance and the safe transport of the Plaintiff.

The third *Hudson* factor discussed relates to the relationship between the need and the amount of force used. The officers involved used the minimum amount of force necessary to control Plaintiff in response to Plaintiff's acts of misconduct and defiance. Plaintiff refused to relinquish his hand restraints when instructed by the officers and he used his mattress as a physical deterrent to promote his non-compliance. In such a case, force was necessary to regain control of Plaintiff.

The final two *Hudson* factors deal with the threat perceived and the efforts made to temper the severity of the response. As admitted by the Plaintiff, he refused to comply with several orders from the officers for transport and even used his bed as a barrier between himself and the officers. Given that the officers' line of sight was presumably obstructed and Plaintiff continuously refused to comply with orders to be searched and have hand restraints applied, force was reasonable, necessary, and administered in a manner to effectuate safe transport of the Plaintiff despite his non-compliance.

When viewed in its totality, the evidence presented fails to support Plaintiff's alleged violations to his Eighth Amendment rights; therefore, Plaintiff is not reasonably likely to succeed on his excessive use of force claim.

## 2. There is no reasonable probability that Plaintiff will prevail on his bystander liability claim.

Plaintiff alleges that Defendants Vaughn and Emsoff were deliberately indifferent to the use of force and deliberately allowed excessive force to occur. *Plaintiff's Fourth Amended*

7

*Complaint* at 4. Plaintiff never contends that Defendants Vaughn and Emsoff actually participated in the use of force. Bystander liability exists only when an officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 480 (5th Cir. 2014). The plaintiff must be able to allege and prove "another officer's use of excessive force" in order to establish a cause of action under bystander liability. *Id.* Additionally, even if an officer is present during the relevant events, the plaintiff must show that the officer "had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).

For reasons discussed the previous section, there is no reasonable probability that Plaintiff will succeed on the merits of his excessive use of force claim. Thus, because a constitutional violation is an essential underlying element of bystander liability, there is also no reasonable probability that Plaintiff will succeed on his bystander liability claim.

### 3. Defendants are entitled to qualified immunity.

Defendants were employed by TDCJ at all times relevant to the allegations in Plaintiff's petitions. Defendants asserted their entitlement to qualified immunity in their answers and are entitled to the protections afforded by that affirmative defense. The Amarillo Court of Appeals held that it was error to dismiss the original proceedings based on "the sufficiency of Jackson's pleadings vis-à-vis the official immunity claim of Vaughn and Emsoff." *Jackson*, 2014 WL 6999333 at *9. However, because Defendants Honesto, Nall, and Guzman did not answer prior to the case being appealed to the Amarillo Court of Appeals, they have never argued the issue of qualified immunity as it applies to them. Additionally, because the bystander liability claim was never explicitly plead or briefed on appeal nor was it addressed in the Court's original Findings of

8

Fact and Conclusions of Law, Defendants Emsoff and Vaughn have not yet addressed the issue of qualified immunity as it pertains to Plaintiff's bystander liability claim.

In order to overcome a defendant's entitlement to qualified immunity, a plaintiff must satisfy a three-part test. *Kipps v. Callier*, 197 F.3d 765, 768 (5th Cir. 1999) (citing *Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999)). First, the plaintiff must allege the deprivation of a constitutional right. *Wilson v. Layne*, 526 U.S. 603, 603 (1999); *see also Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999). Second, the plaintiff must allege the violation of a right that was clearly established at the time of the alleged violation. *Wilson*, 526 U.S. at 603. Finally, the plaintiff [must produce] competent summary judgment evidence which demonstrates that the violation occurred or at least gives rise to a genuine issue of material fact as to whether the defendant actually engaged in the conduct that violated the clearly established right. *Kipps*, 197 F.3d at 768. If the plaintiff meets this burden, then the court must decide whether the conduct was nonetheless "objectively reasonable." *Eugene v. Alief ISD*, 65 F.3d 1299, 1305 (5th Cir. 1995). A plaintiff fails to satisfy either of these requirements with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988).

As detailed above, Plaintiff's claims are substantively deficient and he has: 1) Plaintiff has not suffered a physical injury as required by *Hudson*; 2) Plaintiff's excessive use of force claim against Defendants fails to withstand constitutional scrutiny when analyzed under the factors delineated in *Hudson* and *Wilkins*; and 3) Plaintiff's bystander liability claims fails because there was no underlying constitutional violation of Plaintiff's rights of which Defendants Emsoff and Vaughn were aware. For these reasons, the Defendants' entitlement to qualified immunity is preserved and therefore, Plaintiff has no reasonable probability of success on his claims.

As shown above, Plaintiff's claims fail constitutional scrutiny. Therefore, the Plaintiff has

9

not cleared the first hurdle of the qualified immunity analysis. However, even if the Court could find that there was a violation of the Plaintiff's constitutional rights, it must still determine whether the Defendants' actions were objectively unreasonable in light of the law as it existed at the time the conduct occurred and in light of the information that the defendant possessed. Assuming arguendo that Defendants violated Plaintiff's constitutional rights, their actions were objectively reasonable. For this independent reason, Defendants are entitled to qualified immunity.

Foremost, as supported by the attached evidence, Plaintiff has not suffered an injury within the framework of the constitution that would incite its protection. Furthermore, Plaintiff himself admitted that he was committed several defiant acts, which lead to the need for an extraction team. Therefore, any force, if used, was reasonably applied in an effort to regain compliance.

In total, the Plaintiff has offered only conclusory allegations which are not sufficient to show a reasonable probability of success on the merits of his claims. Defendants have also provided evidence that shows that there is not a reasonable probability that Plaintiff will prevail in the litigation. Thus, Defendants have met the first prong of the test to determine whether Plaintiff is a vexatious litigant.

**F.  Plaintiff's Previous Litigation**

In the past seven years, Plaintiff has filed more than five litigations and appeals, proceeding pro se, which have been finally determined adversely against him or dismissed as groundless or frivolous.[2] The following six suits have been dismissed as groundless or frivolous: **(1)** *Jackson v. Darryl Glenn*, 2:14-cv-0036 (N.D. Amarillo Division) was dismissed on July 2, 2014 as frivolous and for failure to state a claim (See Exhibit C); **(2)** *Jackson v. John Adams, et al.*, 2:10-cv-0261

---

[2] While Plaintiff has already been declared vexatious by the 251st District Court in Potter County on June 26, 2013 and is now subject to a prefiling order (See Exhibit I), this prefiling order does not apply to the current litigation since it was filed prior to the prefiling order being signed.

(N.D. Amarillo Division) was dismissed on June 15, 2011 as frivolous and for failure to state a claim (See Exhibit D at 6); **(3)** *Jackson v. Rick Thaler, et al.*, No. 25,403 (278th District Court of Walker County) was dismissed on August 2, 2011 as frivolous (See Exhibit E, Memorandum Opinion from the Appeal in the Tenth Court of Appeals at 1-2); **(4)** *Jackson v. Boland, et al.*, No. 2:12-cv-0212 (N.D. Amarillo Division) was partially dismissed against Defendant G. David as frivolous and for failure to state a claim on January 14, 2013 (See Exhibit F); **(5)** *Jackson v. Mark W. Stiles Unit, et al.*, No. E-0189936 (172nd District Court of Jefferson County) was dismissed on January 6, 2012 as frivolous (See Exhibit G); **(6)** *Jackson v. State of Texas*, No. 11-E-0255-C (130th District Court of Matagorda County, Texas) was dismissed on April 21, 2011 as having no arguable basis in law (See Exhibit H).

Thus, Plaintiff clearly fits the statutory definition of a vexatious litigant for this suit as well. Therefore, the Court should order him to furnish security and his case should be dismissed if this security is not timely paid.

### Conclusion

Because Plaintiff does not have a reasonable probability of prevailing on his claims and because Plaintiff has commenced at least five lawsuits pro se in the seven-year period immediately preceding the date of this motion, the Court, after notice and a hearing, should order plaintiff to provide security to defendant to cover reasonable expenses incurred in connection with the litigation, including costs and attorney fees. *See* Tex. Civ. Prac. & Rem. Code § 11.055(c)

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

11

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KAREN D. MATLOCK
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ *PATRICK T. POPE*
**PATRICK T. POPE**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24079151

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 936-2109

**ATTORNEYS FOR DEFENDANTS
VAUGHN, EMSOFF, NALL, HONESTO,
AND GUZMAN**

## NOTICE OF ELECTRONIC FILING

I, **PATRICK POPE**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a correct copy of the foregoing **Defendants Honesto, Nall, and Guzman's Motion to Declare Plaintiff a Vexatious Litigant & Request for Security** in accordance with File & Serve Xpress for Lubbock County, Texas, on May 8, 2015.

/s/ *PATRICK T. POPE*
**PATRICK T. POPE**
Assistant Attorney General

12

## CERTIFICATE OF SERVICE

I, **PATRICK POPE**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Honesto, Nall, and Guzman's Motion to Declare Plaintiff a Vexatious Litigant & Request for Security** has been served by placing same in the United States Mail on May 8, 2015, addressed to Plaintiff:

Reidie Jackson No.1164177
TDCJ- Clements Unit
9601 Spur 591
Amarillo, TX 79107
*Plaintiff Pro Se*

/s/ *PATRICK T. POPE*
**PATRICK T. POPE**
Assistant Attorney General

13

| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
| Plaintiff | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
| Defendants | § | |

---

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

---

# EXHIBIT A

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Use of Force Report

### *Employee Use of Force Fact Finding Inquiry*

| Facility *(Unit and Alpha Code):* | Montford | JM |
|---|---|---|

☐ Use of Minor Force    ☒ Use of Major Force    ☐ Use of Deadly Force

Report Number: MA-01399-03-11

Incident Number*(if applicable)* : _____

**Instructions to Assistant Warden (or designee):**
- Complete Sections I and II;
- If employees/offenders interviewed, list them in Section III (no requirement to call all those, or limit yourself to just those, named in the Report)
  - ➢ *(NOTE: New or additional information must be supported by written statements [on an Inter-Office Communication].)*
- If facts are evident you may determine there is no necessity to conduct interviews; if so, proceed to Section IV; and
- Provide a summary of findings and recommendations in Section IV for the Reprimanding Authority to review.

**Instructions to Reprimanding Authority:**
- Note your evaluation of the employee's conduct and action taken, if any, in Section V.

### I. USE OF FORCE OCCURRED

a. Use of Force occurred on *(date/time):*     3-17-11          1515

b. Location where use of force occurred:     WRMF Ward AS-1

### II. EMPLOYEE PARTICIPANT / WITNESS

| Mayne | Cindy | O | COIV |
|---|---|---|---|
| *(Print Last)* | *(First)* | *(MI)* | *(Rank/Title)* |

### III. FACT-FINDING INQUIRY

a. Fact-finding Inquiry began on *(date):*  4/2/2011          and ended on *(date):*  4/5/2011

b. EMPLOYEE(S) interviewed *(please print):*

| Last | Guzman | First | David | MI | J | Rank | COIII |
|---|---|---|---|---|---|---|---|
| Last | Honesto | First | Peter | MI | H | Rank | COIV |
| Last | Nall | First | James | MI | B | Rank | COIII |

c. OFFENDER(S) interviewed *(please print):*

| Last | none | First | | MI | | TDCJ# | | Custody | |
|---|---|---|---|---|---|---|---|---|---|
| Last | | First | | MI | | TDCJ# | | Custody | |

### IV. SUMMARY AND FINDINGS

a. Summary of Inquiry:     See attached

b. Findings: Based on     See attached

_____ , it appears the employee's actions were:

☒ Appropriate;    ☐ Inappropriate *(➢ Determined to be 'aggravated'?* ☐ YES ☐ NO),
... as evidenced by:    ☐ Alleged violation of departmental rules/regulations    *(Specify):* _____
☐ Other    *(Specify):* _____

c. Recommendations:    ☒ No action taken    ☐ Refer to OIG for investigation    ☐ Employee Hearing pursuant to PD-22
☐ Other *(Specify):*

d. Assistant Warden *(or designee)* conducting inquiry:    Ray Perez          Major    _____ 4/13/11

| *(Printed Name and Rank/Title)* | | *(Signature/Date)* |
|---|---|---|

### V. FINAL OUTCOME

a. Evaluation:    I have found the employee's actions were:    ☒ Appropriate ☐ Inappropriate *(Determined to be 'aggravated'?* ☐ YES ☐ NO) -or-
☐ I am unable to determine based on evidence presented

b. Action:    ☒ No action taken    ☐ Refer to OIG for investigation *(UOF-OIG Referral Attached)*    ☐ Other *(Specify):*

jackson0001

**SUMMARY:** Offender Jackson was scheduled to chain out and stated he was not leaving the unit without his property. He was housed in the Western Regional Medical Facility, AS-1. The offender had no property at this unit. Warden Tucker was contacted and authorized the use of a move team to place the offender on the chain bus by force if necessary. Chemical agents were not authorized since the chain bus operator will not allow offenders on the bus who have been exposed to chemical agents. A move team was assembled consisting of Officers: 1) Nall vest 9, Ortega vest 12, Guzman vest 8. A. Martinez vest 13, Honesto vest 5 and Officer Mayne operating the video camera. Sgt. Villegas briefed the camera and mistakenly stated chemical agents were authorized. Staff went to the cell. Sgt. Villegas ordered Offender Jackson to submit to a strip search and the application of hand restraints or chemical agents and/or the move team would be used (although chemical agents would not be used). Offender Jackson refused and stated he was not leaving until he had his property. Nurse Reese attempted verbal intervention without success. Sgt. Villegas again repeated his orders and warnings. The offender did not comply and placed a mattress in front of himself. Sgt. Villegas opened the cell door, the team entered the cell and Offender Jackson pushed team members past him. Team members were able to grab Offender Jackson and force him to the floor. After a brief struggle team members were able to apply hand and leg restraints. Once restraints had been applied Offender Jackson stopped resisting. Team members placed Offender Jackson in a sitting position, released the hand restraints and reapplied them in front of his body. Team members released the leg restraints and applied a chain. The lockbox and box was applied. Offender Jackson then refused to stand and walk stating his leg was broken. Team members lifted Offender Jackson and placed him on a gurney. Offender Jackson was then transported to the sally port. Arriving at the chain bus he refused to stand and walk. Team members lifted Offender Jackson. carried him onto the bus and placed him in a seat. The interior door was secured. The team exited the bus. The offender stated his back and neck were injured. Nurse Reese visually assessed the offender and noted no visual injury. Sgt. Villegas then took photos through the caged door. Sgt. Villegas then read the offender participant statement and Offender Jackson stated he wanted to make a written statement. Sgt. Villegas then concluded the use of force and the video camera was turned off.

**FINDINGS:** This use of force underwent a Fact-Finding Inquiry because the offender alleged he was kicked and kneed in the head. Secondly, this action could not be confirmed or dismissed ✳ since the video camera was not on wide angle and could not be fully seen when viewing the video tape.

Move team members were interviewed regarding their specific roles in this incident. All denied the offender was struck or kneed during this use of force and did not see any other move team member accomplish this action. Based on the offender's behavior during this incident and a lack of evidence to support his account of the action's taken by staff, I do not feel any further action is necessary with respect to this particular finding.

After the video camera was first turned on, Sgt. Villegas had Officer Mayne check the camera to ensure it was on wide angle. During her manipulation of the camera's settings, which were correct before she began to make readjustments, she zoomed the lens without returning it to the wide angle setting, which significantly detracted from completely viewing the action taken

jackson0002

I find no action to intentionally conceal what took place with this offender regarding the use of the video camera. I do however feel Officer Mayne should undergo remedial training in the use of the video camera however, to lessen the likelihood of this finding recurring. No further action is necessary.

jackson0003

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Use of Force Report

### Witness Statement

Facility (Unit and Alpha Code): Montford    JM

☐ Use of Minor Force    ☑ Use of Major Force    ☐ Use of Deadly Force

Report Number: MA-01399-03-11

Incident Number (if applicable): _____

## I. INSTRUCTIONS

- Complete Section II.a, then at Section II.b, in as much detail as possible, describe what you witnessed <u>before</u>, <u>during</u>, and <u>after</u> the use of force occurred, including:
  - Time (or approximate time) of use of force;
  - Name of each offender involved;
  - Name and rank/title of each employee involved; and
  - Description of employee/offender injuries, if any.

## II. STATEMENT

a. Date/time force was used: 3/17/11   1515    Location where use of force occurred: RMF-WARD - AS1

b. Written Statement: At approximately 1510, I Attempted verbal intervention for offender Jackson, Reidy TDCJ# 1164177. The offender was Refusing to comply with orders for strip search and hand restraints procedure. I asked offender if he would comply with officer's orders. Offender stated "I will when I get my property." Offender Jackson continued to Refuse and at that point Sgt. Villegas took over verbal intervention. At that point I Returned to my assigned duties until my assistance was needed. Offender was placed on the bus and I conducted a physical assessment at that time. I asked the offender if he had any injuries. he stated "yes." During my P visual examination, no injuries were noted. At this time I returned to the ward.

Additional Information: When offender stated "yes, my back and legs hurt."

☐ Continuation page(s) attached

## III. ACKNOWLEDGEMENT

The information submitted is complete and accurate.

jackson0004

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## Use of Force Report
### Employee/Offender Use of Force Injury Report

Facility (*Unit and Alpha Code*): Montford ___ JM

☐ Use of Minor Force ☒ Use of Major Force ☐ Use of Deadly Force

Report Number: _IMA-01399-03-11_

Incident Number (*if applicable*): _____

## I. EMPLOYEE OR OFFENDER

☐ Employee (*Print Name*): _____

☒ Offender (*Print Name*): _JACKSON, Reidie_    *Rank/Title*: _____

TDCJ No.: _1164177_

## II. EXAMINATION

a. Did Employee/Offender complain of injury?    ☒ YES    ☐ NO
If 'YES,' describe: _Pain_

b. Was the Employee/Offender examined at the unit?    ☒ YES    ☐ NO    If 'YES,' provide date/time:* _3/17/11 1715_
If 'NO,' explain: _____

c. Was the Employee/Offender injured during the use of force?    ☐ YES    ☒ NO
If 'YES,' place a ✓ by each area of the body that was injured (*NOTE: Each is followed by a "body area code" that shall be used in II.d below*):

☐ Abdomen/Stomach - 01   ☐ Buttocks - 05   ☐ Face - 09   ☐ Hand(s) -12   ☐ Leg(s) -17   ☐ Shoulder -19
☐ Ankle(s) - 02   ☐ Chest - 06   ☐ Foot/Feet -10   ☐ Head -13   ☐ Neck -18   ☐ Wrist(s) - 20
☐ Arms - 03   ☐ Ear(s) - 07   ☐ Genital Area - 22   ☐ Hip(s) -14   ☐ Pelvis - 21
☐ Back - 04   ☐ Eye(s) - 08   ☐ Groin - 11   ☐ Knee(s) -16

d. Indicate the extent of injury to each area of the body noted above (*enter the "body area code" by the type of injury; one type of injury may have more than one "body area code" noted*):

___ Abrasion   ___ Contusion   ___ Fracture   ___ Internal Injuries   ___ Shock
___ Amputation   ___ Cut   ___ Hearing Loss   ___ Nausea   ___ Sprain
___ Bite   ___ Dermatitis   ___ Heart Attack   ___ Open Head Injury   ___ Strain
___ Bruise   ___ Dislocation   ___ Heat Exhaustion   ___ Puncture   ___ Exposure to
___ Burn   ___ Dizziness/Faintness   ___ Hernia   ___ Rupture   Communicable
___ Closed Head Injury   ___ Foreign Object in Eye   ___ Inflammation   ___ Scratch   Disease

e. Injury Severity Codes (✓ the one that most aptly describes the highest level of injury noted in II.d above):
☐ Minor (one time treatment/observation) - 01    ☐ Serious - 02    ☐ Death - 03

f. Is the offender classified as 'disabled'?   ☐ YES   ☒ NO

g. Medical staff who performed examination (*Print Name/Title*): _LISA Reese, VVN_

## III. TREATMENT

Complete this section ONLY if employee/offender sustained injuries <u>during</u> the use of force:

a. Was the Employee/Offender treated for injuries?    ☐ YES    ☐ NO
If 'NO,' explain why: ☐ Refused   ☐ Other (explain): _____
If 'YES,' provide description of treatment: _____

☐ Offender's assigned living area   ☐ Hospital (Name): _____ , which occurred at: _____
☐ Unit Infirmary   ☐ Other (Specify): _____

b. Medical staff who administered, or attempted to administer, treatment (*Print Name/Title*): _____

## IV. ACKNOWLEDGEMENTS

a. I administered the examination (Signature/Date): _Lisa Reese 3/17/11_

b. I administered, or attempted to administer, the treatment (Signature/Date): _____

jackson0005

Facility (Unit and Alpha Code): **Montford** JM

☐ Use of Minor Force   ☒ Use of Major Force   ☐ Use of Deadly Force

Report Number: __MA 01399-03-11__

Incident Number (if applicable): _____

## V. PHOTOGRAPHS

*Instructions to Shift Supervisor:*

- *Attach all photographs here:*

## VI. DIAGRAM(S) / DESCRIPTION OF INJURY

*Instructions to Medical Staff:*

- *Indicate injuries sustained during the use of force by marking body diagrams and provide brief description below:*

Brief Description:

__Offender c/o back injury, but__
__no visible injuries were noted.__

Brief Description:

Description provided by: _____

CAUSE NO. 2012-500,295

| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
| Defendants | § | |

---

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

---

# EXHIBIT B

<u>**AFFIDAVIT**</u>

§

**THE STATE OF TEXAS**  §

§

**COUNTY OF WALKER**

BEFORE ME, the undersigned authority, personally appeared **Lisa D.Cunha,** who, being by me duly sworn, deposed as follows:

"My name is **Lisa D'Cunha**, and I am over the age of eighteen (18), of sound mind, competent and capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the Custodian of Records at The University of Texas Medical Branch - Correctional Managed Care, Health Services Archives and my office is located in Huntsville, Texas. In this capacity, I am the individual who can authenticate and certify as official, copies of medical records at the **TDCJ Health Services Archives**. Attached hereto are **37** pages of records from the medical records of **Reidie Jackson TDCJ #1164177.** These said records are kept in the regular course of business by an employee or representative of UTMB-Correctional Managed with knowledge of the act, event, condition, opinion or diagnosis, recorded or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original and no other documents exist in the files on the above named person at **TDCJ Health Services Archives**".

**Lisa D'Cunha**

State of Texas,
County of Walker
Before Me _Paula K. Ticknor_____ on this day personally appeared _____Lisa D Cunha_____, known to me through her Texas Driver's License to be the person whose name is subscribed to the foregoing instrument and acknowledge to me that she executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office this ____1st____ day of _Aug_, A.D., __2012__

PAULA K. TICKNOR
Notary Public, State of Texas
My Commission Expires
May 19, 2013

**Correctional Managed Care**
**MD/MLP - SICK CALL EXAM**

**Patient Name:** JACKSON, REIDIE    **TDCJ#:** 1164177    **Date:** 03/21/2011 11:40    **Facility:** CLEMENTS ECB (BC)

**Age:** 33 year  **Race:** B  **Sex:** male
**Most recent vitals from 3/21/2011:** BP: 162 / 94 (Sitting) ; Wt: ; Height: 78 In.; Pulse: 88 (Sitting) ; Resp: ; Temp:
**Allergies:** NO KNOWN ALLERGIES

| Patient Language: ENGLISH    Name of interpreter, if required: |

Current Medications:
NORVASC 10MG,   1 TABS ORAL QD
VASOTEC 20MG,   1 TABS ORAL QD
TENEX 2MG,   1 TABS ORAL QPM
LOPRESSOR 100MG,   1 TABS ORAL BID
ZOLOFT 100MG,   1 TABS ORAL QAM
HYDRODIURIL 25MG,   1 TABS ORAL QD


**SCR Received On:** _____ (date)
**Today's Problem:**

**S:**    POST  MONTFORD  FOLLOW  UP
NO  COMPLAINTS

**O:**    LT  FOOT  -  INFECTION  HEALED  UP

**A:**    POST  MONTFORD  FOLLOW  UP

**Plan is as follows:**  RTC  AS  NEEDED.



Electronically Signed by PATEL, DHIRAJLAL S. M.D. on 03/21/2011.
##And No Others##

jackson0007

| | | |
|---|---|---|
| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
| Defendants | § | |

---

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

---

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

REIDIE JACKSON, PRO SE,                                §
also known as REIDIE JAMES JACKSON,   §
TDCJ-CID No. 1164177,                               §
Previous TDCJ-CID No. 795456,                 §
Previous TDCJ-CID No. 874760,                 §
                                                                        §
      Plaintiff,                                         §
                                                                        §
v.                                                                      §   2:14-CV-0036
                                                                        §
DARRYL GLENN, Law Library Supervisor;   §
                                                                        §
      Defendant.                                     §

## JUDGMENT

Of equal date herewith, the Court has entered an Order of Dismissal in the above-referenced and numbered cause.

JUDGMENT IS ENTERED ACCORDINGLY.

IT IS THEREFORE ORDERED and DECREED that the Civil Rights Complaint by plaintiff REIDIE JACKSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

The Clerk will mail a copy of this Judgment to the plaintiff and to each attorney of record by first class mail.

It is SO ORDERED.

Signed this the _____ 2nd _____ day of July, 2014.


_____
MARY LOU ROBINSON
United States District Judge

CAUSE NO. 2012-500,295

| | | |
|---|---|---|
| REIDIE JACKSON<br>TDCJ # 1164177,<br>        Plaintiff | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br>LUBBOCK COUNTY, TEXAS |
| v. | §<br>§ | |
| VAUGHN, ET AL,<br>        Defendants | §<br>§<br>§ | 72nd JUDICIAL DISTRICT |

---

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

---

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REIDIE JACKSON, PRO SE,<br>TDCJ-CID No. 1164177,<br>Previous TDCJ-CID No. 795456,<br>Previous TDCJ-CID No. 874760,<br>JERMAINE LANDRUM,<br>TDCJ-CID No. 1403311<br><br>Plaintiffs,<br><br>v.<br><br>JOHN ADAMS ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:10-CV-0261 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff REIDIE JACKSON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against ten defendants employed by or associated with the Texas Department of Criminal Justice and has been granted permission to proceed in forma pauperis.

The original complaint was also signed by inmate JERMAINE LANDRUM. Inmate LANDRUM did not pay the filing fee nor did he submit an application to proceed in forma pauperis. On May 23, 2011, a show cause order issued giving LANDRUM until June 6, 2011 to respond and show cause why he should not be dismissed from this cause. The response period has expired, and no response has been received. It appears inmate LANDRUM has abandoned this cause and his claims should be dismissed for failure to prosecute.

On May 9, 2011, an Order to Cure Deficiencies by Amended Complaint and Findings, Conclusions and Recommendation issued in the instant cause, informing plaintiff JACKSON of the deficiencies in his original complaint and ordering him to cure by filing an amended complaint or to file objections to the Findings, Conclusions and Recommendation.

Plaintiff filed his Amended Complaint on May 20, 2011.

By his Amended Complaint, plaintiff JACKSON alleges he has been prosecuted for acts which constitute crimes under Texas state law, but that these prosecutions have been handled by defendants through the disciplinary process of the Texas prison system. Plaintiff alleges defendants ADAMS, BERGER, BAKER, CLARK, and NASH have a fiduciary responsibility to plaintiff to abide by state and federal laws and to ensure his civil rights are not violated. Plaintiff states any warden, major or captain in TDCJ-CID can participate in the disciplinary process. As a result of disciplinary cases, plaintiff states he has suffered punishments including the use of force, confiscation of money from his inmate account, confiscation of personal property, cell restriction, confiscation of accumulated goodtime credits, visitation restriction, denial of line class, and confinement to administrative segregation. Plaintiff says the disciplinary rules are used for population management and retaliation. Plaintiff does not challenge any specific disciplinary rule or application of the disciplinary process, but challenges the entire disciplinary process.

Plaintiff JACKSON further alleges defendants GLENN, EDWARDS, MASSEY, BRINKLEY, and SEGMAN are all mailroom personnel who are responsible for handling inmate mail and that they utilize illegal rules to deny inmates general correspondence, justifying the rules with security concerns. He complains they restrict books and publications concerning

death, rape, sex, drugs, and assault and use the rules to relieve themselves of the duty to deliver the mail. As with the disciplinary rules, plaintiff does not challenge any one rule or application of the rules, but the fact that there are correspondence rules at all.

Plaintiff JACKSON has attached some grievances to his complaint as "examples of the ongoing violations that are enacted and enforced by defendants" but, as his statement of claims shows, he does not base his complaint on the incidents forming the basis for those grievances. Instead, he asserts the broader claims set forth above.

Plaintiff JACKSON requests an award of damages and that TDCJ-CID be ordered "to get in compliance with the law."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff's statement of claim fails to state a claim that any federally protected right has been violated by any one or more of the defendants. To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Plaintiff has utterly failed to state a claim on which relief can be granted against any of the named defendants.

Plaintiff's attempt to challenge the entire disciplinary procedure is frivolous. Plaintiff was not prosecuted for the criminal acts he alleged formed the basis for disciplinary actions; he was, quite simply, disciplined. Thus, plaintiff was not entitled to the full panoply of rights which accompany criminal conviction. If the determination had been made that plaintiff's actions were egregious enough to justify referral for criminal prosecution, which sometimes happens if the crime is committed while the defendant is already serving time, plaintiff could have been disciplined as well as subjected to criminal prosecution. Plaintiff's belief that his behavior merited criminal conviction instead of a disciplinary procedure does not state a claim of

4\10-0261.allrules

4

constitutional dimension. Plaintiff is attempting to assert a constitutional right which does not exist and his claim, therefore, is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's attempt to challenge the existence of correspondence rules which limit his First Amendment freedom of speech while in prison is likewise frivolous. Plaintiff offers the global argument that the defendants enforce prison correspondence rules all of which are, per se, unconstitutional.

The Constitution is superior to any ordinary legislative act and, where they both apply to the same subject matter, it is the Constitution which must govern. *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803). "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule. If two laws conflict with each other, the courts must decide on the operation of each." *Id.* Therefore, it is the province of the courts to interpret the Constitution.

The Supreme Court has ruled that an inmate's First Amendment correspondence rights may be limited by regulations reasonably related to the institution's legitimate governmental interest, such as, for example, security. *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Plaintiff's challenge to the entirety of the correspondence rules is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Plaintiff JACKSON has been given ample opportunity to provide his best factual statement. *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Plaintiff has had the

opportunity to amend to allege his best case and appears to have done so. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff REIDIE JACKSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Further, in light of the failure of plaintiff LANDRUM to pay the filing fee, request pauper status, or respond to the show cause order, LANDRUM's claims are DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

Signed this the _____ day of June, 2011.

MARY LOU ROBINSON
United States District Judge

4\10-0261.allrules                                    6

REIDIE JACKSON          §          IN THE DISTRICT COURT
TDCJ # 1164177,         §
          Plaintiff     §
                        §
                        §
                        §          LUBBOCK COUNTY, TEXAS
v.                      §
                        §
VAUGHN, ET AL,          §          72nd JUDICIAL DISTRICT
          Defendants    §

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

# EXHIBIT E



# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00323-CV

**REIDIE JAMES JACKSON,**

                                     **Appellant**

v.

**RICK THALER, TEX. DEP'T OF
CRIMINAL JUSTICE,**

                                     **Appellee**

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 25,403

---

## MEMORANDUM OPINION

---

This is an inmate-litigation case under chapter 14 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (West 2002). In seven issues, appellant, Reidie James Jackson, complains about the trial court's final order dismissing his claims as frivolous pursuant to chapter 14. *See id.* We affirm.[1]

---

[1] All pending motions are dismissed as moot.

# I.   BACKGROUND

Jackson is currently incarcerated at the Clements Unit in the Institutional Division of the Texas Department of Criminal Justice in Amarillo, Texas. On December 13, 2010, Jackson filed his original petition alleging a claim for false imprisonment based upon his assertion that he was incarcerated seventy-one days in excess of his 333-day criminal sentence.[2] He sought $110,000 in monetary damages and any other relief necessary to "resolve the controversy." Thereafter, appellees, Rick Thaler and the Texas Department of Criminal Justice, filed an original answer, asserting immunity and numerous affirmative defenses, and a jury demand.[3] The Texas Attorney General filed an amicus curiae brief recommending that Jackson's claim be dismissed for failure to comply with chapter 14. *See id.* On August 2, 2011, the trial court issued an order dismissing Jackson's claims in their entirety as frivolous. This appeal followed.

## II.   STANDARD OF REVIEW

Inmate litigation is governed by the procedural rules set forth in chapter 14 of the civil practice and remedies code. *See id.* §§ 14.001-.014 (West 2002 & Supp. 2011); *see also McBride v. Tex. Bd. of Pardons & Paroles*, No. 13-05-559-CV, 2008 Tex. App. LEXIS 1290, at *6 (Tex. App.—Corpus Christi Feb. 21, 2008, pet. denied) (mem. op.). The Texas Legislature enacted chapter 14 to control the flood of lawsuits filed in state courts by

---

[2] Apparently, at some point, Jackson was released from prison, though the precise date is unclear based on this record. His complaint pertains to a June 9, 1999 conviction for possession of a controlled substance, which resulted in a three-year prison sentence with 333 days of time credited. In any event, he is currently incarcerated based upon a separate criminal offense.

[3] In one of his numerous motions filed in the trial court, Jackson identified Thaler as the Director of the Texas Department of Criminal Justice.

prison inmates, which consume valuable judicial resources with seemingly little offsetting benefit. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ). This Court has noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. Thus, the temptation to file a frivolous suit is strong. Such suits, however, waste valuable resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously.

*Id.* (internal citations omitted) (citing *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex. App.—Waco 1991, no writ)).

Generally, the dismissal of inmate litigation under chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "To establish an abuse of discretion, an appellant must show the trial court's actions were arbitrary or unreasonable in light of all the circumstances. The standard is clarified by asking whether the trial court acted without reference to any guiding rules or principles." *Spurlock v. Schroedter*, 88 S.W.3d 733, 735-36 (Tex. App.—Corpus Christi 2002, pet. denied) (internal citations omitted). We may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See In re Spooner*, 333 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2010, orig. proceeding); *see also Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). The judgment of the trial court will be affirmed if that judgment can be upheld on any reasonable theory supported by the evidence. *Ex parte E.E.H.*, 869 S.W.2d 496, 497-98 (Tex. App.—Houston [1st Dist.] 1993,

writ denied); *Harris County Dist. Attorney's Office v. Burns*, 825 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1992, writ denied). And, we consider only the evidence most favorable to the judgment, and if there is some evidence to support the judgment, we will affirm. *State v. Knight*, 813 S.W.2d 210, 211 (Tex. App.—Houston [14th Dist.] 1991, no writ).

The trial court has broad discretion to dismiss an inmate's claim as frivolous. *Schroedter*, 88 S.W.3d at 736. In fact, section 14.003 authorizes the trial court to dismiss an inmate's claim, either before or after service of process, if the claim is found to be frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). To determine whether a claim is frivolous, the trial court may consider if: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b); *see Schroedter*, 88 S.W.3d at 736.

Furthermore, the trial court is not required to conduct a hearing before dismissing a case pursuant to chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c). Instead, the question of whether to hold a hearing is committed to the trial court's discretion. *See id.; see also McCray v. Mulder*, No. 12-10-00349-CV, 2011 Tex. App. LEXIS 5884, at *10 (Tex. App.—Tyler July 29, 2011, no pet.) (mem. op.) (citing *Hamilton v. Pechacek*, 319 S.W.3d 801, 810 (Tex. App.—Fort Worth 2010, no pet.)). Thus, in this case, the trial court was not required to provide Jackson with an opportunity to respond before dismissing his claim under section 14.003. *See, e.g., Geiger v. Garcia*, No. 10-07-

00404-CV, 2009 Tex. App. LEXIS 7885, at *3 (Tex. App.—Waco Oct. 7, 2009, no pet.) (citing *Gowan v. Tex. Dep't of Criminal Justice*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana 2003, no pet.)).

### III.   THE TRIAL COURT'S ORDER OF DISMISSAL

In his seven issues, Jackson contends that:  (1) the trial court erred in dismissing his lawsuit because he has a First Amendment right to file suit and because the dismissal denied him due process; (2) the trial court violated Texas Rule of Civil Procedure 308 by failing to enforce an order signed on February 9, 2011[4]; (3) the trial court erred by not allowing him to prosecute his claim against the defendants

---

[4] Texas Rule of Civil Procedure 308 provides that:

The court shall cause its judgments and decrees to be carried into execution; and where the judgment is for personal property, and it is shown by the pleadings and evidence and the verdict, if any, that such property has an especial value to the plaintiff, the court may award a special writ for the seizure and delivery of such property to the plaintiff; and in such case may enforce its judgment by attachment, fine[,] and imprisonment.

TEX. R. CIV. P. 308.

In the February 9, 2011 order of which Jackson complains, the trial court ordered that the Texas Attorney General's Office file an amicus curiae brief within sixty days of receipt of the order. Jackson appears to argue that the filing of the amicus curiae brief was not timely filed. We do not find this argument to be meritorious, especially considering the Attorney General's Office filed its amicus curiae brief on February 28, 2011, less than thirty days after the trial court signed its order.

And, to the extent that Jackson argues that the Attorney General's Office is not authorized to represent Thaler, we point out that article IV, section 22 of the Texas Constitution provides that the Attorney General "shall represent the State in all suits and pleas in the Supreme Court of the State in which the State may be a party . . . and perform such other duties as may be required by law." TEX. CONST. art. IV, § 21; *see Brady v. Brooks*, 99 Tex. 366, 89 S.W. 1052, 1055 (1905). In addition, sections 101.103 and 104.004 of the civil practice and remedies code authorize the Attorney General's Office to defend public servants. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.103 (West 2011) (stating that the Attorney General's Office shall defend each action brought under the Texas Tort Claims Act "against a governmental unit that has authority and jurisdiction coextensive with the geographical limits of this state"); *see id.* § 104.004 (West 2011) (requiring the Attorney General's Office to defend a public servant against a suit for damages based upon actions within the scope of the public servant's employment). We therefore find this argument lacking an arguable basis in law as well.

separately; (4) the trial court was biased and refused him a fair trial; (5) Thaler did not obey the trial court's orders—in particular, the February 9, 2011 order—and thereby prejudiced Jackson's case; (6) the trial court erred in dismissing his lawsuit without notice and a hearing; and (7) the trial court erred in relying on chapter 14 to analyze his lawsuit.

When the trial court dismisses a claim without conducting a fact hearing, which is the case here, the issue on appeal is whether the claim had an arguable basis in law. *See Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) (citing *Martin v. Tex. Bd. of Criminal Justice*, 60 S.W.3d 226, 229 (Tex. App.—Corpus Christi 2001, no pet.); *Sawyer v. Tex. Dep't of Criminal Justice*, 983 S.W.2d 310, 311 (Tex. App.—Houston [1st Dist.] 1998, pet. denied)). Based on our review of the record, including all of the briefs and responses he has filed in this Court, we conclude that Jackson's false-imprisonment claim has no arguable basis in law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2); *see also Brewer*, 268 S.W.3d at 767; *Spurlock*, 94 S.W.3d at 658; *Schroedter*, 88 S.W.3d at 736. This is true for many reasons, which we will now explain.

First, the crux of Jackson's underlying lawsuit is that he was wrongfully incarcerated for a period beyond his judicially-imposed sentence.[5] The United States Supreme Court has stated that "Congress has determined that habeas corpus is the

---

[5] In his original petition, Jackson did not reference title 42, section 1983 of the United States Code. *See* 42 U.S.C. § 1983; *see also Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.) ("To determine whether a trial court has properly determined that there is no arguable basis in law for a claim, 'we examine the types of relief and causes of action appellant pleaded in his petition to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief.'" (quoting *Jackson v. Tex. Dep't of Criminal Justice-Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied))).

appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [section] 1983." *Prieser v. Rodriguez*, 411 U.S. 475, 490, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973). Later, in *Heck v. Humphrey*, the United States Supreme Court clarified that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to [section] 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . ." 512 U.S. 477, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Therefore, because Jackson challenges the validity of the fact and duration of his confinement, the proper remedy is a habeas corpus petition in the federal court. *See Heck*, 512 U.S. at 486, 114 S. Ct. at 2372; *see also Prieser*, 411 U.S. at 490, 93 S. Ct. at 1836.

Next, Jackson fails to identify a basis in law for his claim of money damages; instead, he simply asserts, without explaining, that he should be paid $110,000 in money damages for the alleged false imprisonment. Though he cites to the Texas Penal Code, Texas Constitution, and other avenues for redress, Jackson cannot bring a private cause of action under these provisions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 103.001 (West Supp. 2011) (providing that a person is entitled to compensation if, among other things, he served time in prison and has received a full pardon on the basis of innocence or has been granted relief in accordance with a writ of habeas corpus—none of which apply here); *Smith v. City of League City*, 338 S.W.3d 114, 127 (Tex. App.—Houston [14th Dist.] 2011, no pet.) ("The due process provisions of the Texas Constitution do not imply a cause of action for damages."); *Spurlock*, 94 S.W.3d at 658 ("However, the Texas

Penal Code does not create private causes of action . . . ."); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009) ("With the limited ultra vires exception . . . governmental immunity protects government officers sued in their official capacities to the extent that it protects their employers.").[6]

Therefore, because we have concluded that Jackson's lawsuit does not have an arguable basis in law, we cannot say that the trial court abused its discretion in dismissing Jackson's lawsuit as frivolous without a hearing. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2); *see also Brewer*, 268 S.W.3d at 767; *Schroedter*, 88 S.W.3d at 736. Accordingly, we overrule all of Jackson's issues pertaining to the trial court's order of dismissal.

## IV. JACKSON'S REQUESTS FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

While we recognize that we are required to review and evaluate pro se pleadings with liberality and patience, we are also required to apply the same standards applicable to pleadings drafted by lawyers. *See Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied). In light of that, Jackson also appears to argue

---

[6] On appeal, Jackson asserts that Thaler's actions were ultra vires; however, in his original petition, Jackson did not allege that Thaler acted outside the scope of his employment such that his actions were ultra vires. *See Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011) (stating that "all [common-law] tort theories alleged against a governmental unit . . . are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008))). In addition,

> [i]t is fundamental that a suit against a state official is merely another way of pleading an action against the entity of which [the official] is an agent. A suit against a state official in his official capacity is *not* a suit against the official personally, for the real party in interest is the entity. Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and is, in all respects other than name . . . a suit against the entity.

*Id.* at 382 n.68 (internal citations & quotations omitted).

that he was entitled to findings of fact and conclusions of law from the trial court. Here, Jackson requested such findings. And when the trial court failed to enter such findings, Jackson sent the trial court a letter notifying it that the findings were past due. *See* TEX. R. CIV. P. 297.

Texas courts have held that, when a trial court renders judgment or dismisses a cause without hearing any evidence, findings of fact are not appropriate. *See IKB Indus., Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 655 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (holding that there is no duty to file findings after dismissal of an inmate suit under Texas Civil Practice and Remedies Code chapter 14); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ); *see also Walker v. Callahan*, No. 04-05-00095-CV, 2005 Tex. App. LEXIS 7887, at \*\*3-4 (Tex. App.—San Antonio Sept. 28, 2005, no pet.) (mem. op.); *Khufu v. Stringfellow*, No. 12-03-00362-CV, 2005 Tex. App. LEXIS 3291, at \*7 (Tex. App.—Tyler Apr. 29, 2005, pet. denied) (mem. op.). Thus, the trial court had no duty to file findings of fact and conclusions of law in this case. *See IKB Indus., Ltd.*, 938 S.W.2d at 443; *Retzlaff*, 94 S.W.3d at 655; *Timmons*, 840 S.W.2d at 586; *see also Walker*, 2005 Tex. App. LEXIS 7887, at \*\*3-4; *Khufu*, 2005 Tex. App. LEXIS 3291, at \*7. As such, this issue is overruled.

## V. CONCLUSION

Having overruled all of Jackson's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 29, 2012
[CV06]

| | | |
|---|---|---|
| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
| Plaintiff | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
| Defendants | § | |

Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| REIDIE JACKSON, PRO SE, | § | |
| TDCJ-CID No. 1164177, | § | |
| Previous TDCJ-CID No. 795456, | § | |
| Previous TDCJ-CID No. 874760, | § | |
| JERMAINE LANDRUM, | § | |
| TDCJ-CID No. 1403311 | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:12-CV-0212 |
| | § | |
| GREGORY BOLAND, | § | |
| MANUEL FRESCAS, and | § | |
| GREGORY S. DAVID, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF PARTIAL DISMISSAL**

The instant cause was originally filed as Case No. 100851-A in the 47th Judicial District Court of Potter County, Texas on August 30, 2012 and was removed to the United States District Court for the Northern District of Texas, Amarillo Division, on October 8, 2012, by defendants BOLAND and FRESCAS, where it was filed under the above-stated style and cause number.

Plaintiff REIDIE JACKSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, sections 1983, 1985(3), and 1986 complaining against the above-named defendants. The filing fee was paid by the defendants upon removal.

On December 14, 2012, a Report and Recommendation was issued by the United States Magistrate Judge recommending plaintiff's claims against defendant DAVID be dismissed without prejudice for failure to state a claim on which relief can be granted and with prejudice as frivolous.

On December 26, 2012, plaintiff filed a document entitled "Second Amended Complaint" which, by his January 10, 2013 Response, he has elected to have treated as his Objections to the Report and Recommendation. By his Objections, plaintiff alleges defendant DAVID was presumably the warden who gave directions and enforced policies on the High Security Area where plaintiff was housed. He states defendant DAVID enforced the policy or custom that prevented inmates from giving sick call requests directly to medical personnel.

Plaintiff goes on to allege that all the defendants had a "mutual understanding" and a common goal of deliberately, intentionally, or recklessly endangering plaintiff's present and future health. Plaintiff says defendant DAVID, after receiving notice of the altercation between plaintiff and defendant FRESCAS, "refus[ed] to instruct a subordinate [to] have medical engage treatment policy."

While plaintiff ascribes a "mutual understanding" and "common goal" to the defendants, he does not present any allegation of material fact to support the implicit claim of conspiracy. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

As to his allegation that DAVID, after receiving notice of the February 25, 2012 altercation between plaintiff and defendant FRESCAS, "refus[ed] to instruct a subordinate [to] have medical engage treatment policy," the only notice plaintiff's complaint indicates went to DAVID was that contained in plaintiff's April 27, 2012 Step 1 Grievance No. 2012160993, by which plaintiff requested a unit transfer. Although plaintiff alluded to an attempt by the other defendants to cover-up the incident by denying him medical treatment, plaintiff does not actually request medical treatment or indicate he needs any at that time. Moreover, defendant DAVID merely investigated

2

and resolved the grievance. As set forth in the Magistrate Judge's Report and Recommendation, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Moreover, plaintiff's claim in this respect is, at most, that defendant DAVID was negligent in the investigation and resolution of plaintiff's grievance. Plaintiff's section 1983 claim against defendant DAVID on this basis lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that plaintiff's Civil Rights Claims filed pursuant to Title 42, United States Code, sections 1983, 1985(3) and 1986 by plaintiff REIDIE JACKSON against defendant GREGORY S. DAVID be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO

3

STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the _____14_____ day of January, 2013.

MARY LOU ROBINSON
United States District Judge

4

CAUSE NO. 2012-500,295

| | | |
|---|---|---|
| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
|      Plaintiff | § | |
| | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
|      Defendants | § | |

---

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

---

# EXHIBIT G

| | | |
|---|---|---|
| **REIDIE JACKSON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **vs.** | § | **MATAGORDA COUNTY, TEXAS** |
| | § | |
| **STATE OF TEXAS, et al.** | § | **130ᵗʰ JUDICIAL DISTRICT COURT** |

---

### ORDER DISMISSING INMATE LITIGATION
### (§ 14.003(a)(2), Tex. Civ. Prac. & Rem. Code)

On this day the court received and reviewed the original petition filed by Reidie Jackson, an inmate incarcerated in the Institutional Division, Texas Department of Criminal Justice. Jackson filed an unsworn declaration of inability to pay costs with the petition, therefore, TEX. CIV. PRAC. & REM. CODE, Chapter 14, relating to Inmate Litigation, applies.

Chapter 14 authorizes a trial court to dismiss an inmate's claim as frivolous, before or after service of process, if it finds "(1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE §14.003(b).

The court has determined that the is case may be decided without hearing and therefore accepts Plaintiff's allegations as true.[1] Jackson's claim under Section 1, Article 17, Texas Constitution[2] alleges that his property was taken under a search warrant issued on Deputy Keith Sullivan's affidavit. He alleges the affidavit supporting the warrant stated, "the [confidential informant] advised [Sullivan] that... ." Jackson infers from this that Sullivan's affidavit was not made based on information within Sullivan's personal knowledge, but instead within the confidential informant's personal knowledge. Jackson concludes the search warrant and subsequent search were legally defective.

---

[1]  *Perales v. Kinney*, 891 S.W.2d 731, 732 (Tex.App.-Houston [1st Dist.] 1994, no writ).

[2]  "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made..." Tex. Const. art. I, § 17.



Plaintiff's allegations, taken as true, have no arguable basis in law because the officer's reliance upon information provided by a confidential informant does not render the officer's affidavit defective or the subsequent search illegal.[3] The court therefore determines that Plaintiff's claims, taken as true on the facts, is without an arguable basis in law.

IT IS ORDERED that this case and cause of action is hereby DISMISSED WITHOUT PREJUDICE pursuant to TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2) and § 14.003(b)(2).

Signed: April 21, 2011.

Judge Presiding



APR 26 2011

---

[3] *Illinois v. Gates*, 462 U.S. 213, 231, (1983) (approving search warrants supported by hearsay when the informant's information is sufficiently reliable to provide the magistrate with a substantial basis for determining the existence of probable cause).

| | | |
|---|---|---|
| REIDIE JACKSON | § | IN THE DISTRICT COURT |
| TDCJ # 1164177, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | LUBBOCK COUNTY, TEXAS |
| v. | § | |
| | § | |
| VAUGHN, ET AL, | § | 72nd JUDICIAL DISTRICT |
| Defendants | § | |

---

**Defendants Honesto, Nall, and Guzman's Motion to Declare
Plaintiff a Vexatious Litigant & Request for Security**

---

# EXHIBIT H

CAUSE NO. 101260-C

| | | |
|---|---|---|
| REIDIE JAMES JACKSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | POTTER COUNTY, TEXAS |
| | § | |
| DAVID ELLIS, ET AL., | § | |
| *Defendants* | § | |
| | § | 251ST JUDICIAL DISTRICT |

---

## ORDER

On this date, the Court considered *Defendants Ellis and Gratz's Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code* and *Defendants' Motion to Declare Plaintiff a Vexatious Litigant and Motion for a Pre-Filing Order* simultaneously. After sufficient notice to all parties and a hearing on the motions, the Court reviewed the pleadings on file, the law, and the arguments of the parties and has determined that Defendants' Motions should be **GRANTED** as set forth below:

**IT IS THEREFORE ORDERED,** that Plaintiff Reidie James Jackson's claims against Defendants are hereby **DISMISSED** as frivolous and/or for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code § 14.0003;

**IT IS FURTHER ORDERED,** that Plaintiff Reidie James Jackson should be, and therefore is, designated a vexatious litigant pursuant to Texas Civil Practice and Remedies Code § 11.054;

**IT IS FURTHER ORDERED,** That Plaintiff Reidie James Jackson provide security for the benefit of Defendants in the amount of $ _150.00_ , within 30 days of the signing of this Court's order pursuant to Texas Civil Practice and Remedies Code § 11.055, or this suit will be dismissed pursuant to Texas Civil Practice and Remedies Code § 11.056;

A CERTIFIED COPY
Page ___ of ___
CAROLINE WOODBURN
District Clerk
Potter County, Texas
By_____, Deputy

1444483

**IT IS FURTHER ORDERED,** that Plaintiff Reidie James Jackson is hereby subject to this Pre-Filing Order and is enjoined from filing any new litigation *in propria persona* in the State of Texas without the prior permission of the local administrative judge, pursuant to Texas Civil Practice and Remedies Code §11.051-11.057.

SIGNED this 26th day of June, 2013.

_____
JUDGE PRESIDING

A CERTIFIED COPY
Page ___ of ___
CAROLINE WOODBURN
District Clerk
Potter County, Texas

By_____, Deputy

I, Caroline Woodburn, Clerk of the District Courts and County Courts at Law, in and for Potter County, Texas, do hereby certify that the foregoing instrument is a correct copy of the original on file in this office
ATTESTED this ___ day of _____ 20__
By_____ Deputy

RECEIVED
JUL 01 2013
OFFICE OF
COURT ADMINISTRATION

FILED
CAROLINE WOODBURN
DISTRICT CLERK
2013 JUN 27 AM 8 29
POTTER COUNTY, TEXAS
BY_____ DEPUTY

1444484

Filed 8/3/2015 11:50:00 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

CAUSE NO. 2012-500,295                                    **RHR**

| | | |
|---|---|---|
| **REIDIE JACKSON** | § | **IN THE DISTRICT COURT** |
| **TDCJ # 1164177,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **LUBBOCK COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **VAUGHN, ET AL,** | § | **72nd JUDICIAL DISTRICT** |
| *Defendants* | § | |

### Order

On this date, the Court considered **Defendants Honesto, Nall, and Guzman's Motion to Declare Plaintiff a Vexatious Litigant & Request for Security.**

The Court finds Plaintiff Reidie Jackson is a vexatious litigant pursuant to Section 11.054 of the Texas Civil Practice and Remedies Code. Plaintiff is hereby ordered to furnish security in the amount of $500.00 by September 3, 2015 to proceed in his claims against Defendants Peter Honesto, James Nall, and David Guzman. Failure to timely furnish security shall result in dismissal of the claims against Defendants Peter Honesto, James Nall, and David Guzman.

The Court further ORDERS that the case is abated until further order of the Court.

**SIGNED** on this the 3rd day of August, 2015.


/s/ Ruben Reyes
_____
**JUDGE PRESIDING**


**SCANNED**

BEIDIE JAMES JACKSON #1164177
Clements
9601 Spur 591
Amarillo TX 79107-9606



UNITED STATES
POSTAL SERVICE®

U.S. POSTAGE
PAID
AMARILLO, TX
79120
NOV 23 15
AMOUNT
$0.00
R2304H108442-08

1006       79105

Court of Appeals
Seventh District of Texas
P.O. Box 9540
Amarillo, TX. 79105-9540



Expected Delivery Day: 11/24/2015

USPS TRACKING NUMBER

9505 5109 9789 5327 1739 64